**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MALCOLM A. JOHNSON,

                                   Petitioner,

     - v -                                      Civ. No. 9:07-CV-581
                                                     (FJS/RFT)

ROBERT E. ERCOLE, *Superintendent,*
*Green Haven Correctional Facility*,

                                   Respondent.

**APPEARANCES:**                                  **OF COUNSEL:**

MALCOLM A. JOHNSON
Petitioner, *Pro se*
02-A-1996
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. ANDREW M. CUOMO                    ALYSON J. GILL, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      Presently before the Court is *pro se* Petitioner Malcolm A. Johnson's Petition for a Writ of *Habeas Corpus*. Dkt. No. 1. Johnson asserts the following grounds in support of his Petition: (1) the prosecutor did not inform Petitioner nor his attorney that he intended to present an indictment on the charge of First Degree Assault to the grand jury, even though Petitioner was originally charged with Second Degree Assault; (2) there was insufficient evidence to support his conviction;

(3) the trial judge improperly allowed the prosecutor to offer into evidence Petitioner's arrest photograph; and (4) ineffective assistance of counsel. *Id.* For the reasons that follow, it is recommended that the Petition be **denied**.

## I. BACKGROUND

On April 6, 2001, Petitioner was indicted on two counts of Assault in the First Degree (N.Y. PENAL LAW §§ 120.10(1) & (2)), one count each of Criminal Possession of a Weapon in the Third Degree (N.Y. PENAL LAW § 265.02(1)) and Criminal Possession of a Weapon in the Fourth Degree (N.Y. PENAL LAW § 265.01(2)). Dkt. No. 8, State Court R. (hereinafter "R."), Ex. F, Pet'r App. Div. Br. at p. 1.[1]

Petitioner's jury trial commenced on September 24, 2001, in Albany County Court before the Honorable Thomas Breslin. R., Trial Tr., dated Sept. 24, 2001, at p. 1. The following is a summary of the testimony adduced against Petitioner at trial. Clyde Clark testified that on September 23, 2000, at approximately 1:45 p.m., while he was walking down Orange Street in Albany, New York, someone approached him from behind and slashed his face with a razor, cutting him from behind his left ear all the way to his mouth. *Id.* at pp. 133-48. Clark recognized his assailant as Petitioner, whom he knew as "Wise." *Id.* After Clarke turned around, Petitioner cut his face again and then got into a grey Honda Accord and drove away. *Id.* at pp. 135-36 & 151-52. According to Clark, Petitioner asked him during the incident, "Where's my wife's money?" *Id.* at pp. 141 & 154-55. Soon thereafter, Clark received medical attention, however, as a result of the attack, he has a permanent scar running from his ear to his mouth. *Id.* at pp. 135, 140, & 145.

In February 2001, while Clark was in Albany County Jail for violating his probation

---

[1] A copy of the Indictment was not provided by the Respondent as part of the State Court Records. *See generally* Dkt. No. 8.

conditions, he learned that Petitioner was also in that jail and later observed Petitioner during a preliminary hearing in Albany Police Court. *Id.* at pp. 142 & 145. Thereafter, Clark reported the assault to the authorities and Petitioner was arrested. *Id.* at pp. 143-44, 166, & 177. At trial, Clark identified Petitioner as the person who cut his face.

On September 26, 2001, the jury convicted Petitioner on two counts of Assault in the First Degree (N.Y. PENAL LAW §§ 120.10(1) & (2)) and one count of Criminal Possession of a Weapon in the Third Degree (N.Y. PENAL LAW § 265.02(1)). *Id.* at pp. 374-75. On October 2, 2001, Petitioner filed a N.Y. CRIM. PROC. LAW ("CPL") § 330.30 Motion with the trial court to set aside the verdict on the ground of insufficient evidence. R., Ex. A, Pet'r § 330 Mot. On January 15, 2002, Petitioner filed another CPL § 330 Motion, asserting that he received ineffective assistance of counsel. R., Ex. B, Pet'r Second § 330 Mot.

On March 29, 2002, Judge Breslin denied both of Petitioner's CPL § 330 Motions and sentenced Petitioner, as a second felony offender, to concurrent determinate terms of twenty (20) years imprisonment on each assault count, and a concurrent, indeterminate term of three (3) to six (6) years imprisonment on the weapon possession count. R., Sentencing Tr., dated Mar. 29, 2002 at pp. 26-27.

Although Judge Breslin denied Petitioner's CPL § 330 Motions, he granted Petitioner leave to re-submit his second CPL § 330 Motion as a CPL § 440.10 Motion,[2] which was addressed at a Hearing held on April 5, 2002. R., § 440 Hr'g Tr., dated Apr. 5, 2002. Judge Breslin denied Petitioner's CPL § 440 Motion. R., Ex. D, Decision, dated July 9, 2002.

---

[2] The reason for this procedural move was that, because Petitioner based his ineffective assistance of counsel claim in his second CPL § 330 Motion on factual allegations not found in the record, the proper procedural mechanism for the relief was a CPL § 440 Motion. Sentencing Tr. at p. 11.

Petitioner appealed his conviction to the New York State Supreme Court Appellate Division, Third Department, which agreed to consolidate his direct appeal and his appeal of the denial of his CPL § 440 Motion. R., Ex. E, Order, dated July 25, 2002. The Appellate Division dismissed Petitioner's appeals, and the Court of Appeals denied Petitioner leave to appeal that decision. *People v. Johnson*, 23 A.D.3d 686, 687 (N.Y. App. Div. 3rd Dep't 2005), *lv. denied*, 6 N.Y.3d 895 (2006).

Johnson filed the instant *Habeas* Petition on July 2, 2007. Dkt. No. 1. Respondent concedes that the Petition was timely filed and that all of Petitioner's claims have been properly exhausted. Dkt. No. 5, Resp't Mem. of Law at p. 11.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue

made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B.  Grand Jury Proceedings

Petitioner asserts, as he did in a separate *pro se* brief submitted before the Appellate Division on direct appeal, that the prosecutor failed to give him or his attorney notice that he was going to be charged with First Degree Assault as opposed to Second Degree Assault. R., Ex. G, Pet'r *Pro Se* App. Div. Br. at p. 5. Petitioner states that he was arraigned on Second Degree Assault charges, but that the district attorney subsequently presented the higher charge of First Degree Assault to the grand jury without informing him. *Id.* Petitioner asserts that pursuant to CPL § 190.50(5)(a),[3] the

---

[3] CPL § 190.50(5)(a) states:

When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent.  The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending . . . unless such person is a defendant

(continued...)

prosecutor had a duty to give him notice of the upgraded charges and that he should have been afforded the opportunity to testify at such proceeding. *Id.*

Alleged defects in grand jury proceedings are not cognizable on *habeas* review because a conviction by a jury after a trial cures any such error. *Lopez v. Riley,* 865 F.2d 30, 32 (2d Cir. 1989). Moreover, alleged violations of state law are not cognizable on federal *habeas* review. *See, e.g., Lucius v. Filion*, 431 F. Supp. 2d 343, 347 (W.D.N.Y. 2006) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)); *see also Martinez v. Miller*, 2009 WL 1272069, at *10 (N.D.N.Y. May 5, 2009) ("Alleged errors in a state grand jury proceeding, including claims that a petitioner was not afforded the opportunity to testify at grand jury, are not cognizable on habeas review.")(citing *Lopez*).

Because Petitioner's claim is not cognizable, it is recommended that the Petition be **denied** on this ground.

### C. Sufficiency of the Evidence

Petitioner asserts that the evidence presented at trial was insufficient to convict him, and therefore, that his due process rights were violated. Specifically, Petitioner asserts that no evidence was presented to substantiate the "serious physical injury" element of his First Degree Assault conviction. Pet. at p. 7. The Appellate Division rejected this claim, finding that such element was established because "the jury was shown a facial scar running from the victim's ear to his mouth as a result of the attack." *People v. Johnson*, 23 A.D.2d at 687-88. Pursuant to the AEDPA, we must now determine whether that conclusion constituted an unreasonable application of established

---

³(...continued)
who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charge an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein.

federal law.

A petitioner who challenges a conviction on the sufficiency of the evidence bears a "very heavy burden." *Ponnapula v. Spitzer,* 297 F.3d 172, 179 (2d Cir. 2002). The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crimes for which he is charged. *See Fiore v. White,* 531 U.S. 225, 228-29 (2001); *Jackson v. Virginia,* 443 U.S. 307, 315 (1979). This inquiry "does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins,* 506 U.S. 390, 402 (1993) (emphasis in original). A *habeas* petitioner claiming that there was insufficient evidence supporting the conviction is entitled to relief under 28 U.S.C. § 2254 only if it is found "that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. at 324; *see also Schlup v. Delo,* 513 U.S. 298, 323 n.38 (1995). The reviewing court is required to consider the evidence in the light most favorable to the prosecution, and draw all inferences in its favor. *Jackson v. Virginia,* 443 U.S. at 319.[4] "When considering the sufficiency of the evidence of a state conviction, '[a] federal court must look to state law to determine the elements of the crime.'" *Ponnapula v. Spitzer,* 297 F.3d at 179 (quoting *Quartararo v. Hanslmaier,* 186 F.3d 91, 97 (2d Cir. 1999)).

Under New York law, a person is guilty of Assault in the First Degree when, "[1] with intent to cause serious physical injury to another person, [2] he causes such injury to such person or to a third person [3] by means of a deadly weapon or a dangerous instrument." N.Y. PENAL LAW §

---

[4] The *Jackson* standard is clearly established federal law as determined by the Supreme Court. *See Huber v. Schriver,* 140 F. Supp. 2d 265, 276 n.5 (E.D.N.Y. 2001) (citing *Francis S. v. Stone,* 221 F.3d 100, 114 (2d Cir. 2000)) (other citations omitted); *see also Santana v. Kuhlmann,* 232 F. Supp. 2d 154, 166-67 (S.D.N.Y. 2002).

120.10(1).

The evidence presented at trial, when viewed in a light most favorable to the prosecution, established that Petitioner approached Clyde Clark from behind, slashed his face with a razor and then, after Clyde turned around, Petitioner cut him again before fleeing the crime scene.  Trial Tr. at pp. 135-36, 138, 147, 151-52, & 157.  Based on that evidence, it was certainly rational for the jury to conclude that Petitioner intended to injure Clarke using a razor blade, which qualifies as a "dangerous instrument" under New York law because it is "capable of causing death or other serious physical injury."  N.Y. PENAL LAW § 10.00(13).

Petitioner takes particular issue with the "serious physical injury" element of First Degree Assault.  He argues that since no medical reports were introduced into evidence at trial, there was no "substantiation [of] the victim[']s injuries."  Pet. at p. 7.  New York Penal Law § 10.00(10) defines "serious physical injury" as a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of a bodily organ."  At trial, evidence was produced that Petitioner's attack caused Clark to suffer a protracted disfigurement, namely, the permanent scar on Clark's face that was clearly visible to the jury.  Trial Tr. at pp. 135, 140, & 144-45.  Thus, the presentation of Clark's scar to the jury satisfied the "serious physical injury" element of First Degree Assault.  *See, e.g., Howard v. McGinnis*, 632 F. Supp. 2d 253, 276 (W.D.N.Y. 2009) (citing cases for the proposition that visible scarring at the time of trial satisfies the "serious physical injury" element under New York law).

Therefore, we find that the Appellate Division's rejection of Petitioner's insufficient evidence claim was not an unreasonable application of federal or state law, and we recommend that

the Petition be **denied** on that ground.

### D. Prosecutor's Use of a Photograph

Petitioner asserts that the trial court improperly allowed the prosecutor to introduce into evidence a photograph of Petitioner taken at the time of his arrest on February 14, 2001, as opposed to the photographic array from which Clyde Clark initially identified Petitioner as his attacker on September 24, 2000. Pet. at p. 9. At trial, Clyde identified Petitioner as his attacker and testified that, at the time of the attack, Petitioner had long, braided hair. Trial Tr. at p. 137. At the time of trial, however, Petitioner was bald-headed. *Id.* The trial court allowed the prosecutor to introduce into evidence a photograph of Petitioner taken at the time of his arrest through the testimony of Detective Dennis Simmons, who arrested Petitioner and took Petitioner's photograph while processing his arrest. *Id.* at p. 177. The trial court found that the photograph was relevant evidence establishing that at the time of his arrest in connection with this assault and prior to trial, he wore his hair in long braids. *Id.* at pp. 178-79 & 183.

Petitioner objects to the introduction of the photograph, and asserts that the prosecutor should have instead introduced the photograph that Clyde selected from an array of photographs in order to identify Petitioner prior to his arrest, which depicted Petitioner as bald. R., Ex. G, Pet'r *Pro Se* App. Div. Br. at p. 9. Without discussion, the Appellate Division found this claim to be "without merit." *People v. Johnson*, 23 A.D.3d at 688.

It is well-settled that claims based solely on state law grounds are generally not cognizable on federal *habeas* review. *Estelle v. McGuire*, 502 U.S. at 67 (citation omitted). Moreover, "erroneous evidentiary rulings do not automatically rise to the level of constitutional error." *Rosario v. Kuhlman*, 839 F.2d 918, 924 (2d Cir. 1988). However, the Due Process Clause of the Fourteenth

Amendment prohibits the introduction of evidence that "is so extremely unfair that its admission violates fundamental conceptions of justice." *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal citation and quotation marks omitted). "Erroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, the writ would issue *only* where petitioner can show that the error deprived her of a *fundamentally fair* trial." *Taylor v. Curry*, 708 F.2d 886, 891 (2d Cir. 1983)(emphasis in original) (citations omitted). The standard for determining whether an errant admission of evidence deprived a defendant of a fair trial is "whether the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove reasonable doubt that would have existed on the record without it." *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985).

In this case, the prosecutor attempted to introduce into evidence a picture of Petitioner taken at the time of his arrest and booking on February 14, 2001, on the instant assault charges. Trial Tr. at p. 178-79. Petitioner's counsel objected to the evidence on the ground that the prosecutor had failed to disclose the photograph prior to trial. *Id.* at p. 180. The trial court overruled the objection and admitted the photograph, but allowed Petitioner's attorney the opportunity to introduce his own photographs concerning Petitioner's appearance on September 24, 2000, the date of the incident. *Id.* at 180-83.

Thus, the trial court found the photograph relevant because Petitioner's appearance at trial was different from how Clyde testified regarding his appearance at the time of the attack in September 2000. Although the photograph was taken in February 2001, several months after the attack, it was still relevant to show that Petitioner's hair was previously longer than it was at trial.

*See People v. Wood*, 79 N.Y.2d 958, 960 (1992) (noting the general rule that, under New York law, "photographs are admissible if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered"). Moreover, Petitioner was granted the opportunity to find and submit into evidence photographs of his own concerning his physical appearance at the time of the incident. Indeed, Petitioner testified that he was bald in September 2000 and, in his closing, Petitioner's attorney stated that the prosecution had not presented any evidence showing what Petitioner's hair looked like at the time of the attack. Trial Tr. at pp. 263 & 301-02.

Therefore, we find that the admission of such photograph did not constitute an error of state law, much less an error of constitutional magnitude. Nor did its admission prejudice Petitioner, who was able to point out that the prosecution had not proffered photographic evidence of his appearance at the time of the attack. As such, we recommend that the Petition be **denied** on this ground.

### E. Ineffective Assistance of Counsel

In his final claim, Petitioner appears to assert that he received ineffective assistance from his trial counsel, Paul R. Edwards, Esq. *See* Pet. at p. 11. Petitioner alleges, without any specificity, that "the [accumulative] errors deprived me of my 6th Amendment right." *Id.* In a Brief submitted on Petitioner's behalf before the Appellate Division, it was argued that:

> trial counsel failed to call all of the relevant witnesses requested by the Appellant to testify at trial on his behalf; failed to meet or talk with Appellant prior to trial to prepare; failed to plan a strategy for Appellant's defense; failed to do any independent investigative work on his behalf; and failed to file the appropriate motions on his behalf thereby depriving Appellant of a legitimate, strong defense that likely would have affected the outcome of his case.

R., Ex. F, Pet'r App. Div. Br. at pp. 33-34.

In terms of specific instances of ineffectiveness, Petitioner alleged on direct appeal that counsel

failed to call his brother and sister as alibi witnesses and to discuss plea offers with Petitioner. *Id.* at pp. 34-35. In his separate brief filed with the Appellate Division, Petitioner alleged that Edwards (1) never came to Albany County jail to interview him or discuss pleading options, (2) failed to question key prosecution witnesses, and (3) failed to object to improper questions. R., Ex. G, Pet'r *Pro Se* App. Div. Br. at pp. 14-15.

At the hearing on Petitioner's CPL § 440 Motion, Edwards admitted that he had not visited the jail to meet with Petitioner, but stated that he had six telephone conversations with Petitioner, sent him twelve correspondences prior to trial, and also sent an investigator to the jail with whom Petitioner met on two occasions. R., CPL § 440 Hr'g Tr., dated Apr. 5, 2002, at pp. 87-88. Edwards also stated that Petitioner informed him ten weeks after he took the case that he wanted to present an alibi defense, prompting Edwards to ask the trial court for permission for leave to file a late notice of an alibi, pursuant to CPL § 250.20, which was granted. *Id.* at pp. 88 & 92. Also, Edwards described how he filed an *omnibus* motion which included a motion to suppress and a request for a *Wade* hearing,[5] and consulted with Petitioner during *voir dire* regarding challenges and strikes. *Id.* at p. 90.

At the conclusion of the § 440 Motion hearing, Judge Breslin denied the CPL § 440 Motion, finding that although Edwards did not visit Petitioner in jail, he successfully moved for and was granted leave to file a late alibi notice, carried out Petitioner's alibi defense, performed effectively at the suppression hearing and trial, effectively cross-examined Clyde Clark, and carried out Petitioner's instructions on whom to strike during *voir dire*. *Id.* at pp. 114-17. The Appellate

---

[5] The purpose of a *Wade* hearing is to determine whether identification testimony should be suppressed because the manner in which the identification of the suspect was obtained was unduly suggestive. *See United States v. Wade*, 388 U.S. 218 (1967).

Division dismissed this claim without discussion. *People v. Johnson*, 23 A.D.3d at 688.

To establish ineffective assistance of counsel, a *habeas* petitioner must show 1) counsel's representation fell below an objective standard of reasonableness measured by the prevailing professional norms; and 2) prejudice, *i.e.*, there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984) (cited in *Bell v. Cone*, 535 U.S. 685, 695 (2002)); *see also Aeid v. Bennett*, 296 F.3d 58, 62-63 (2d Cir. 2002); *Brown v. Artuz*, 124 F.3d 73, 79-80 (2d Cir. 1997); *Rattray v. Brown*, 261 F. Supp. 2d 149, 157 (E.D.N.Y. 2003).[6] In determining the reasonableness of counsel's conduct courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. at 689.

In the case at hand, we find, in concurrence with Judge Breslin and the Appellate Division, that the record does not support Petitioner's claim that Edwards's representation fell below an objective standard of reasonableness. Although Edwards did not visit Petitioner at the jail, he had six telephone conversations with him, sent Petitioner twelve correspondences, and hired an investigator who met twice with Petitioner at the jail. Edwards filed an *omnibus* pre-trial suppression motion that resulted in the trial court granting Petitioner a *Wade* hearing. He vigorously cross-examined the prosecution's key witness, Clyde Clark, Trial. Tr. at pp. 150, 155, 159, & 246-47, made timely objections, and also managed to keep evidence of the victim's medical records from the jury by pointing out that the prosecution failed to disclose them prior to trial, Trial. Tr. at pp. 184-89. Finally, notwithstanding Petitioner's failure to timely apprise him of his alibi defense,

---

[6] In *Williams v. Taylor*, the Supreme Court declared that "the rule set forth in *Strickland* qualifies as 'clearly established Federal law[.]'" 529 U.S. 362, 391 (2000); *see also Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir. 2001).

Edwards pursued such defense cogently and pointed out that the entirety of the prosecution's case rested on Clark, whose testimony he attempted to discredit. *Id.* at pp. 293-315.

In sum, after thoroughly reviewing the record, we cannot conclude that Edwards's representation was unreasonable. As such, we need not discuss *Strickland*'s second prong. For the above reasons, we recommend Petitioner's ineffective assistance of counsel claim be **denied**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir.) *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Date:   July 28, 2010
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge